# FORTUNA ESTATES

*v.*

## EMILIA V. HENNA ET AL.

and

## THE PEOPLE OF PORTO RICO.

---

Equity, No. 970.

COMING INTO EQUITY WITH CLEAN HANDS.

Joint Resolution May 1, 1900—Ownership 500 Acres.

1. The joint resolution of May 1, 1900, forbidding agricultural corporations to own or control over 500 acres of land, does not prohibit the acquisition of land, but aims at the extinction of the title. The method of doing this must be direct, and not collateral.

Clean Hands—Ultra Vires Acts.

2. The rule that one must come into equity with clean hands has no reference to matters not embraced within the issue. It does not mean that only angels can come into court.

Opinion filed August 6, 1917.

---

*Mr. O. B. Frazer* for plaintiff.

*Mr. Howard L. Kern,* Attorney General, for defendant People of Porto Rico.

---

NOTE.—On right of private persons to question the power of a corporation to take or hold property, see note in 32 L.R.A. 293.

Fortuna Estates v. Henna.

HAMILTON, Judge, delivered the following opinion:

In this suit in regard to irrigation rights in certain land in the south part of the Island, the People of Porto Rico were admitted as defendants to represent the interests they have in the matter. They have filed an amended answer, denying many of the allegations of the bill of complaint, and setting up also the defense that the plaintiff does not come into equity with clean hands, inasmuch as it owns more than 500 acres of land used for agricultural purposes, in violation of the joint resolution of Congress of May 1, 1900, to the effect that, "every corporation hereafter authorized to engage in agriculture shall by its charter be restricted to the ownership and control of not to exceed 500 acres of land; and this provision shall be held to prevent any member of a corporation engaged in agriculture from being in any wise interested in any other corporation engaged in agriculture." [31 Stat. at L. 716.]

1. It may be doubted whether the question can be raised in this manner. It would seem to be a collateral attack upon the rights of the plaintiff, and to come within the principle of Compañia Azucarera de Carolina v. Registrar of Property, 19 P. R. R. 143. This decides that such a corporation has absolute title to the land over 500 acres in extent as against everyone except the public. The act does not prohibit the acquisition of such land. What may be the proper method of attacking the control of such surplus is not at present before the court. It must be raised in some direct manner, not by collateral attack.

2. Furthermore, it is not within the principles of the rule as to coming into equity with clean hands. This rule does not mean that only angels can come into court. A plaintiff may

Fortuna Estates v. Henna.

be a criminal in other respects, but may come into court to enforce all his legal rights as to the particular matter which is brought into court. Thus in 10 R. C. L. p. 391, a corporation cannot be denied relief in a proper case because of *ultra vires* acts disconnected with the case. Thus, using a railroad for illegal purposes will not prevent relief against unlawful removal of the tracks, nor can an elevated railroad defend a suit for damages to adjacent property by showing that a house on such premises is kept for unlawful purposes. The new Equity rule 37 is quite liberal in permitting intervention, but the intervention shall be in subordination to and in recognition of the proceedings as they stand in the court. It does not appear that the defendant can set up the point in question in this way.

The motion to strike out such part of the amended answer of the People of Porto Rico is therefore granted.

It is so ordered.